JANET M. HEROLD
Regional Solicitor
DANIELLE L. JABERG (CSBN 256653)
Counsel for ERISA
GRACE A. KIM, Trial Attorney (CSBN 247456)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071
Direct: (213) 894-3950
Facsimile: (213) 894-2064
Email: kim.grace@dol.gov

Attorneys for Plaintiff
United States Department of Labor

FILED
CLERK, U.S. DISTRICT COURT
SEP 25 2013
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT
SEP 24 2013
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

SUNKIST GROWERS, INC., a California corporation;

SUNKIST RETIREMENT PLAN A (PLAN A), an employee pension benefit plan;

SUNKIST RETIREMENT PLAN N (PLAN N), an employee pension benefit plan;

RETIREMENT PLAN FOR HOURLY EMPLOYEES OF PRODUCTS GROUP, SUNKIST GROWERS, INC. (HOURLY PLAN), an employee pension benefit plan;

DON DAMES, BILL CHANEY, RICHARD FRENCH, RUSS HANLIN, NAZIR KHAN, DICK NEECE, CHARLES WOLTMANN, MICHAEL WOOTTON, the individual members of the PLAN BOARD OF SUNKIST RETIREMENT PLAN, an employee pension benefit plan fiduciary;

CLIFF BRADY, BARBARA RATCHFORD, CHARLES WOLTMANN, DIANE

Case No. CV 13-07116-PA (MRW)

COMPLAINT FOR VIOLATIONS OF ERISA

COMPLAINT FOR VIOLATIONS OF ERISA

Page 1 of 12

JOHNSON, CHRISTINE HAGEMANN, the individual members of the ADMINISTRATIVE COMMITTEE TO THE HOURLY PLAN, an employee pension benefit plan fiduciary;

and

**JOHN MCGOVERN**, an individual.

Defendants.

THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action against SUNKIST GROWERS, INC., a California corporation ("Company"); SUNKIST RETIREMENT PLAN A ("Plan A"), an employee pension benefit plan; SUNKIST RETIREMENT PLAN N ("Plan N") an employee pension benefit plan; RETIREMENT PLAN FOR HOURLY EMPLOYEES OF PRODUCTS GROUP SUNKIST GROWERS, INC. (the "Hourly Plan"), an employee pension benefit plan; DON DAMES, BILL CHANEY, RICHARD FRENCH, RUSS HANLIN, NAZIR KHAN, DICK NEECE, CHARLES WOLTMANN, MICHAEL WOOTTON, the individual members of the PLAN BOARD OF SUNKIST RETIREMENT PLAN ("Plan Board"), an employee pension benefit plan fiduciary (collectively referred to as the "Individual Plan Board Members"); CLIFF BRADY, BARBARA RATCHFORD, CHARLES WOLTMANN, DIANE JOHNSON, CHRISTINE HAGEMANN, the individual members of the ADMINISTRATIVE COMMITTEE TO THE HOURLY PLAN ("Administrative Committee"), an employee pension benefit plan fiduciary (collectively referred to as the "Individual Administrative Committee Members"); and JOHN MCGOVERN, an individual ("McGovern") (all aforementioned defendants collectively are referred to as "Defendants") and hereby alleges:

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1191c, and is brought by

the Secretary under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress and to enforce the provisions of Title I of ERISA.

## JURISDICTION & VENUE

2. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the district court for the Central District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because at all relevant times, Plan A, Plan N, and the Hourly Plan (collectively, the "Plans") have been administered in Los Angeles County, and the breaches took place in Los Angeles County, which lies within this district.

## DEFENDANTS

4. Each of the Plans is an employee pension benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

5. At all relevant times, Defendant Company was and is a fiduciary of the Plans within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and a party in interest to the Plans within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

6. At all relevant times, the Plan Board was and is the named Plan Administrator and Plan Sponsor of Plans A and N. At all relevant times, Defendants Don Dames, Bill Chaney, Richard French, Russ Hanlin, Nazir Khan, Dick Neece, Charles Woltmann, and Michael Wootton ("Individual Plan Board Members") exercised discretionary authority and control respecting the management and

disposition of Plans A and N and their assets; exercised discretionary authority and responsibility in the administration of Plans A and N; were and are fiduciaries of Plans A and N within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and were and are parties in interest to Plans A and N within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

7. At all relevant times, the Administrative Committee was and is the named Plan Administrator of the Hourly Plan. At all relevant times, Defendants Cliff Brady, Barbara Ratchford, Charles Woltmann, Diane Johnson, and Christine Hagemann ("Individual Administrative Committee Members") exercised discretionary authority and control respecting the management and disposition of the Hourly Plan and its assets; exercised discretionary authority and responsibility in the administration of the Hourly Plan; were and are fiduciaries of the Hourly Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and were and are parties in interest to the Hourly Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

8. At all relevant times, Defendant McGovern, the Company's Human Resources Vice President, exercised discretionary authority and control respecting the management and disposition of the Plans and their assets; exercised discretionary authority and responsibility in the administration of the Plans; was and is a fiduciary of the Plans within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and was and is a party in interest to the Plans within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

9. The Plans are named as Defendants pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, solely to ensure that complete relief can be granted.

## ALLEGATIONS

### Defendants Caused the Plans to Improperly Reimburse the Company for Non-Reimbursable Salary, Benefits and Other Expenses for Employees in the Company's Legal, Accounting, and/or Other Departments

10. Paragraphs 1-9 above are realleged and incorporated herein by reference.

11. At all relevant times, the Company has operated as a citrus farming cooperative headquartered in Sherman Oaks, California.

12. The Sunkist Retirement Plan was originally adopted by the Company effective January 1, 1960, and subsequently split into four separate plans, including Plans A and N, effective January 1, 1989.

13. Plans A and N are defined benefit pension plans. Plans A and N have the same governing Plan documentation and provide identical benefits.

14. Plan A covers certain salaried employees of the Company who had elected to participate prior to January 1, 1989.

15. Plan N was designed to cover certain salaried employees of the Company who elected to participate after January 1, 1989.

16. On January 1, 2005, Plans A and N were frozen to new participation.

17. The Hourly Plan is a defined benefit pension plan that was originally adopted by the Company on November 1, 1957. The Hourly Plan covers hourly employees of the Company's Processed Products Division.

18. The governing Plan documents for Plans A and N name the Plan Board as Plan Administrator, Fiduciary, and Plan Sponsor. The governing Plan documents provide that the Plan Board consist of nine individual members (Defendant Individual Plan Board Members). The governing Plan documents provide that the Company appoint the Individual Plan Board Members. The governing Plan documents provide that the Individual Plan Board Members are granted all powers, duties and discretionary authority necessary to administer, interpret, and apply Plans A and N.

19. The governing Plan documents for the Hourly Plan name the Administrative Committee as Plan Administrator and Fiduciary. The governing Plan documents provide that the Administrative Committee consist of at least three members (Defendant Individual Administrative Committee Members). The governing Plan documents provide that the Company appoint the Individual Administrative Committee Members. The governing Plan documents provide that the Individual Administrative Committee Members have full power, discretion, and authority to administer the Hourly Plan and to construe and apply all of its provisions on behalf of the Company.

20. The Company is named as Plan Sponsor of the Hourly Plan.

21. Defendant Individual Plan Board Members and Defendant Individual Administrative Committee Members have delegated certain fiduciary functions for administration of the Plans to Defendant McGovern. McGovern is a functional fiduciary to the Plans, as he has been granted powers, duties and discretionary authority necessary to administer, interpret, and apply the Plans.

22. Plans A and N are funded by Company contributions paid directly to the Plans' directed trustee, Union Bank, on dates designated by the Plan Board.

23. The governing Plan documents for the Hourly Plan state the Company's intent to make contributions necessary to maintain the Hourly Plan on a sound actuarial basis and meet minimum funding standards as required by law.

24. Participants in the Plans are eligible to receive a monthly retirement benefit commencing at the participant's normal retirement age and continuing through the duration of the participant's lifetime.

25. According to their IRS Form 5500s, as of December 31, 2010, Plan A had 7,007 participants and beneficiaries; Plan N had 1,044 participants and beneficiaries; and the Hourly Plan had 637 participants and beneficiaries.

26. During the period from January 2006 through at least April 2011, the Company engaged in a practice whereby it would send quarterly invoices to the Plan

Board or Administrative Committee seeking reimbursement for expenses purportedly related to Plan administration for Plans A, N, and the Hourly Plan.

27. During the period from January 2006 through at least April 2011, the Company sought reimbursement from Plans A and N for the salary, benefits, and other expenses of the Company's Chief Financial Officer, Cash Management Department, Corporate Accounting Department, Human Resources ("HR") Department, and Legal Department.

28. During the period from January 2006 through at least April 2011, the Company sought reimbursement from the Hourly Plan for the salary, benefits, and other expenses of the Company's HR Department.

29. The quarterly invoices sent by the Company to the Plan Board or Administrative Committee listed only a generic category of work (i.e., "Legal," "Finance") followed by the requested reimbursement amount. The requested reimbursement amount was purportedly based on an estimated percentage of time that the Company believed an individual or department spent on Plan-related activities. None of the aforementioned departments or employees worked exclusively on Plan administration, and no time records or other supporting documentation was provided with the invoices to explain the purported Plan-related activities for which the Company sought reimbursement from the Plans.

30. Despite this lack of detail, during the period from January 2006 through at least April 2011, the Plan Board and Administrative Committee repeatedly caused the Company's quarterly invoices to be paid in their full amounts by the Plans. Given its larger number of participants, the Plan fiduciaries held Plan A responsible for 90% of each quarterly payment, and Plan N responsible for the remaining 10%. The Hourly Plan was invoiced separately by the Company and provided separate reimbursement checks.

31. During the period from January 2006 through at least April 2011, Defendants caused the Company to be improperly reimbursed by the Plans for the salary,

**COMPLAINT FOR VIOLATIONS OF ERISA**     Page 7 of 12

benefits, and other expenses of the Company's Chief Financial Officer, Cash Management Department, Corporate Accounting Department, HR Department, and/or Legal Department. The total losses to the Plans for this improper reimbursement are not less than $1,114,750.00, plus lost-opportunity income that continues to accrue.

**Defendants Caused the Plans to Improperly Reimburse the Company for the Salary, Benefits and Other Expenses for Employees in the Company's Pension Administration Department at the Projected, Rather than Actual, Rate**

32. Paragraphs 1-31 above are realleged and incorporated herein by reference.

33. During the period from January 2006 through at least April 2011, the Company engaged in a practice whereby it would send quarterly invoices to the Plan Board or Administrative Committee seeking reimbursement for the salary, benefits, and other expenses of the Company's Pension Administration Department ("Pension Department"). The Pension Department spends all of its time devoted to administration of the Company's Plans.

34. In 2007 and 2008, Defendants caused the Plans to improperly reimburse the Company for the Pension Department's projected expenses, rather than the lower actual expenses incurred.

35. The losses to the Plans for this overpayment are not less than $118,909.00, plus lost-opportunity income that continues to accrue.

## VIOLATIONS OF ERISA

36. By the conduct described in paragraphs 10-31 above, Defendant Company, Defendant Individual Plan Board Members, Defendant Individual Administrative Committee Members, and McGovern, acting in their fiduciary capacities:

   a. Permitted the assets of the Plans to inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

b. Failed to act solely in the interest of the participants and beneficiaries of the Plans and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

c. Failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

d. Caused the Plans to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plans, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); and

e. Dealt with assets of the Plans in their own interests and acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2).

37. By the conduct described in paragraphs 32-35 above, Defendant Company, Defendant Individual Plan Board Members, Defendant Individual Administrative Committee Members, and McGovern, acting in their fiduciary capacities:

a. Permitted the assets of the Plans to inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

b. Failed to act solely in the interest of the participants and beneficiaries of the Plans and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

c. Failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and fa-

miliar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

    d. Caused the Plans to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plans, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); and

    e. Dealt with assets of the Plans in their own interests and acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2).

38. As a direct and proximate result of the breaches of fiduciary duties committed by Defendants, as described in paragraphs 10-35 above, the Plans have suffered losses, including lost-opportunity income that continues to accrue, for which Defendants are jointly and severally liable, pursuant to ERISA § 409, 29 U.S.C. § 1109.

39. Defendant Company is liable as a co-fiduciary pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged in paragraphs 10-35 above because: (1) it knowingly participated in, or knowingly undertook to conceal, acts or omissions, of the other Defendants; (2) it enabled the other Defendants to commit such breaches by its failure to comply with ERISA § 404(a)(1)(A), (B), 29 U.S.C. § 1104(a)(1)(A), (B), in the administration of its specific responsibilities which gave rise to its status as a fiduciary; or (3) it had knowledge of the other Defendants' breaches and failed to make reasonable efforts under the circumstances to remedy such breaches.

40. Defendant Individual Plan Board Members are liable as co-fiduciaries pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged in paragraphs 10-35 above because: (1) they knowingly participated in, or knowingly under-

took to conceal, acts or omissions, of the other Defendants; (2) they enabled the other Defendants to commit such breaches by their failure to comply with ERISA § 404(a)(1)(A), (B), 29 U.S.C. § 1104(a)(1)(A), (B), in the administration of their specific responsibilities which gave rise to their status as a fiduciary; or (3) they had knowledge of the other Defendants' breaches and failed to make reasonable efforts under the circumstances to remedy such breaches.

41. Defendant Individual Administrative Committee Members are liable as co-fiduciaries pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged in paragraphs 10-35 above because: (1) they knowingly participated in, or knowingly undertook to conceal, acts or omissions, of the other Defendants; (2) they enabled the other Defendants to commit such breaches by their failure to comply with ERISA § 404(a)(1)(A), (B), 29 U.S.C. § 1104(a)(1)(A), (B), in the administration of their specific responsibilities which gave rise to their status as a fiduciary; or (3) they had knowledge of the other Defendants' breaches and failed to make reasonable efforts under the circumstances to remedy such breaches.

42. Defendant McGovern is liable as a co-fiduciary pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged in paragraphs 10-35 above because: (1) he knowingly participated in, or knowingly undertook to conceal, acts or omissions, of the other Defendants; (2) he enabled the other Defendants to commit such breaches by his failure to comply with ERISA § 404(a)(1)(A), (B), 29 U.S.C. § 1104(a)(1)(A), (B), in the administration of his specific responsibilities which gave rise to his status as a fiduciary; or (3) he had knowledge of the other Defendants' breaches and failed to make reasonable efforts under the circumstances to remedy such breaches.

43. As a direct and proximate result of the breaches and violations set forth in paragraphs 10-35 above, the Secretary is entitled to such equitable or remedial relief as the Court may deem appropriate, including restoration of all Plan losses, in-

cluding lost-opportunity income that continues to accrue, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

A. Ordering Defendants to restore to the Plans any losses, including lost-opportunity income that continues to accrue, resulting from fiduciary breaches committed by them or for which they are liable;

B. Ordering a full accounting of the Plans as a result of said fiduciary breaches;

C. Ordering Defendants to correct the prohibited transactions in which they engaged or in which they caused the Plans to engage;

D. Permanently enjoining Defendants from violating the provisions of Title I of ERISA, including ERISA § 412(a) and (b), 29 U.S.C. § 1112(a) and (b);

E. Awarding the Secretary the costs of pursuing this action; and

F. Ordering such further relief as the Court deems to be appropriate and just.

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

Dated: September 23, 2013

GRACE A. KIM
Trial Attorney
Attorneys for the Secretary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge **Percy Anderson** and the assigned Magistrate Judge is **Michael R. Wilner**.

The case number on all documents filed with the Court should read as follows:

**2:13-CV-7116-PA (MRWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 25, 2013                By  MDAVIS
Date                                  Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☒ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                 NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

Grace A. Kim, Trial Attorney (CSBN 247456)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa Street, Suite 370
Los Angeles, CA 90071
Phone: (213) 894-3950

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas E. Perez, Secretary of Labor<br>U.S. Department of Labor<br><br>PLAINTIFF(S)<br>v.<br><br>Sunkist Growers, Inc., a California corporation; et al., (See Attachment)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-07116 -PA(MRWx)<br><br>SUMMONS |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Grace Kim_____, whose address is __Office of the Solicitor/U.S. DOL, 350 S. Figueroa St., Suite 370, Los Angeles, CA 90071__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   SEP 2 5 2013

By: _____
     Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                      **SUMMONS**

**Sunkist Growers, Inc.,** a California corporation;
**Sunkist Retirement Plan A (Plan A),**
an employee pension benefit plan;
**Sunkist Retirement Plan N (Plan N),**
an employee pension benefit plan;
**Retirement Plan for Hourly Employees
of Products Group, Sunkist Growers, Inc. (Hourly Plan),**
an employee pension benefit plan;
**Don Dames, Bill Chaney, Richard French, Russ Hanlin,
Nazir Khan, Dick Neece, Charles Woltmann, Michael Wootton,**
the individual members of the Plan Board of Sunkist Retirement Plan,
an employee pension benefit fiduciary;
**Cliff Brady, Barbara Ratchford, Charles Woltmann, Diane Johnson,
Christine Hagemann,**
the individual members of the
Administrative Committee To The Hourly Plan, an employee pension
benefit plan fiduciary; and
**John McGovern,** an individual,

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Thomas E. Perez, Secretary of Labor
U.S. Department of Labor

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Sunkist Growers, Inc., a California corporation; et al., (SEE ATTACHMENT)

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Grace Kim, Attorney, (CSBN 247456)
Office of the Solicitor/U.S. Department of Labor
350 N. Figueroa Street, Suite 370
Los Angeles, CA 90071/ Phone: 213.894.3950

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Nicholas J. Waddles, Esq., Seyfarth Shaw LLP
One Century Plaza, 2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
Phone: 310-201-1525 Fax: 310-282-6948

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☒ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify):
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
COMPLAINT FOR VIOLATIONS OF ERISA, 29 U.S.C. § 1001-1191 C.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☒ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**  Case Number: **CV13-07116**

CV-71 (09/13)      CIVIL COVER SHEET      Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☒ Yes  ☐ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☒ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
**SOUTHERN DIVISION.**
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
**EASTERN DIVISION.**
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
**WESTERN DIVISION.**
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
- ☐ A. Arise from the same or closely related transactions, happenings, or events; or
- ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: 09/23/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**Sunkist Growers, Inc.,** a California corporation;
**Sunkist Retirement Plan A (Plan A),**
an employee pension benefit plan;
**Sunkist Retirement Plan N (Plan N),**
an employee pension benefit plan;
**Retirement Plan for Hourly Employees
of Products Group, Sunkist Growers, Inc. (Hourly Plan),**
an employee pension benefit plan;
**Don Dames, Bill Chaney, Richard French, Russ Hanlin,
Nazir Khan, Dick Neece, Charles Woltmann, Michael Wootton,**
the individual members of the Plan Board of Sunkist Retirement Plan,
an employee pension benefit fiduciary;
**Cliff Brady, Barbara Ratchford, Charles Woltmann, Diane Johnson,
Christine Hagemann,**
the individual members of the
Administrative Committee To The Hourly Plan, an employee pension
benefit plan fiduciary; and
**John McGovern,** an individual,