JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ,**<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                          Plaintiff,<br>v.<br><br>**SUNKIST GROWERS, INC.,** a California corporation;<br><br>**SUNKIST RETIREMENT PLAN A (PLAN A)**, an employee pension benefit plan,<br><br>**SUNKIST RETIREMENT PLAN N (PLAN N)**, an employee pension benefit plan,<br><br>**RETIREMENT PLAN FOR HOURLY EMPLOYEES OF PRODUCTS GROUP, SUNKIST GROWERS, INC. (HOURLY PLAN)**, an employee pension benefit plan;<br><br>**DON DAMES, BILL CHANEY, RICHARD FRENCH, RUSS HANLIN, NAZIR KHAN, DICK NEECE, CHARLES WOLTMANN, MICHAEL WOOTTON,** the individual members of the PLAN BOARD OF SUNKIST RETIREMENT PLAN, an employee pension benefit plan fiduciary; | **Case No. CV** 13-7116-PA (MRWx)<br><br>**CONSENT JUDGMENT & ORDER** |

| | |
|---|---|
| 1 | **CLIFF BRADY, BARBARA RATCHFORD,** ) |
| 2 | **CHARLES WOLTMANN, DIANE** ) <br> **JOHNSON, CHRISTINE HAGEMANN,** the ) |
| 3 | individual members of the ) <br> ADMINISTRATIVE COMMITTEE TO THE ) |
| 4 | HOURLY PLAN, an employee pension benefit ) <br> plan fiduciary; ) |
| 5 | ) <br> and ) |
| 6 | ) <br> **JOHN MCGOVERN**, an individual. ) |
| 7 | ) <br>                       Defendants. ) |
| 8 | ) |

Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), pursuant to his authority under Sections 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against SUNKIST GROWERS, INC., a California corporation ("Company"); SUNKIST RETIREMENT PLAN A, an employee pension benefit plan ("Plan A"); SUNKIST RETIREMENT PLAN N, an employee pension benefit plan ("Plan N"); RETIREMENT PLAN FOR HOURLY EMPLOYEES OF PRODUCTS GROUP SUNKIST GROWERS, INC., an employee pension benefit plan (the "Hourly Plan") (Plan A, N, and the Hourly Plan are collectively referred to as the "Plans"); DON DAMES, BILL CHANEY, RICHARD FRENCH, RUSS HANLIN, NAZIR KHAN, DICK NEECE, CHARLES WOLTMANN, MICHAEL WOOTTON, the individual members of the PLAN BOARD OF SUNKIST RETIREMENT PLAN, an employee pension benefit plan fiduciary ("Plan Board") (the aforementioned individuals are collectively referred to as the "Individual Plan Board Members"); CLIFF BRADY, BARBARA RATCHFORD, CHARLES WOLTMANN, DIANE JOHNSON, CHRISTINE HAGEMANN, the individual members of the ADMINISTRATIVE COMMITTEE TO THE HOURLY PLAN, an employee pension benefit plan fiduciary ("Administrative Committee") (the aforementioned individuals are collectively referred to as the "Individual Administrative Committee Members"); and JOHN MCGOVERN,

an individual ("McGovern") (all aforementioned defendants collectively are referred to as "Defendants").[1]

    A. The Secretary, the Company, the Individual Plan Board Members, the Individual Administrative Committee Members, McGovern, and the Plans (collectively, the "Parties") admit that the Court has jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the district court for the Central District of California pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

    B. The Parties agree to the entry of this Consent Judgment and Order ("Consent Judgment"). The Parties further agree that this Consent Judgment and Order shall fully settle all claims of the Secretary asserted in the Complaint filed in this matter.

    C. The Company, the Individual Plan Board Members, the Individual Administrative Committee Members, McGovern, and the Plans acknowledge receipt of the Secretary's Complaint in this action and hereby waive service of process of the Summons and Complaint.

    D. The Parties expressly waive Findings of Fact and Conclusions of Law.

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:**

    1. Defendants Company, Individual Plan Board Members, Individual Administrative Committee Members, and McGovern are jointly and severally liable for **$1,620,419.78** in losses caused to the Plans as alleged in the Secretary's Complaint, and judgment is hereby entered against them in said amount.

    2. On or before September 30, 2013, Defendants Company, Individual Plan Board Members, Individual Administrative Committee Members, and McGov-

---

[1] The Plans are named as Defendants pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, solely to ensure that complete relief can be granted.

ern shall restore **$1,620,419.78** in Plan losses and lost opportunity income to the Plans in one lump sum payment ("Recovery Amount"). The Recovery Amount shall consist of the following: $999,569.20 in losses to Plan A for alleged prohibited reimbursements and overpayment of expenses; $314,546.31 in corresponding lost opportunity income to Plan A; $117,753.45 in losses to Plan N for alleged prohibited reimbursements and overpayment of expenses; $37,628.65 in corresponding lost opportunity income to Plan N; $116,336.35 in losses to the Hourly Plan for alleged prohibited reimbursements and over-payment of expenses; and $34,585.82 in corresponding lost opportunity income to the Hourly Plan.

3. Defendants Company, Individual Plan Board Members, Individual Administrative Committee Members, and McGovern are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

4. Within ten (10) calendar days of payment of the Recovery Amount to the Plans as referenced in Paragraph 2 supra, Defendants Company, Individual Plan Board Members, Individual Administrative Committee Members, and McGovern shall provide a copy of the front and back of the remittance check (or other appropriate evidence that payment of the Recovery Amount has been made) to the Regional Director of the United States Department of Labor, Employee Benefits Security Administration ("EBSA") ("Regional Director"), as specified in Paragraph 6, infra.

5. Upon payment of the Recovery Amount by Defendants Company, Individual Plan Board Members, Individual Administrative Committee Members, and McGovern, said Defendants shall be assessed a penalty pursuant to ERISA Section 502(l), 29 U.S.C. § 1132(l), in the amount of twenty (20) percent of the applicable Recovery Amount, or **$324,083.96** ("Penalty Amount"). Defendants Company, Individual Plan Board Members, Individual Administrative

Committee Members, and McGovern waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83 and, within sixty (60) calendar days following payment of the Recovery Amount as outlined in Paragraph 2, supra, Defendants Company, Individual Plan Board Members, Individual Administrative Committee Members, and McGovern shall pay the Penalty Amount to the United States Department of Labor, by sending a certified or cashier's check payable to the "United States Department of Labor" (please write "EBSA Case Nos. 72-032957; -034084; -033781" on the memo line of the check) to:

> U.S. Department of Labor
> ERISA – Civil Penalty
> P.O. Box 71360
> Philadelphia, PA 19176-1360

6. Whenever a submission is required to be made to the Regional Director under the terms of this Consent Judgment and Order, such submission shall be made to:

> Regional Director
> U.S. Department of Labor
> Employee Benefits Security Administration
> 1055 E. Colorado Blvd., Suite 200
> Pasadena, CA 91106-2357
> Telephone: (626) 229-1000
> Facsimile: (626) 229-1098

7. In the event of default by Defendants Company, Individual Plan Board Members, Individual Administrative Committee Members, and McGovern, the total balance remaining unpaid shall then become due and payable within ten (10) calendar days of the default, and interest shall be assessed against such remaining unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date this Consent Judgment is entered until the total amount is paid in full.

8. The Company, Individual Plan Board Members, Individual Administrative Committee Members, and McGovern shall act with respect to the Plans, and to any other ERISA-covered plan sponsored by the Company, in compliance with ERISA, this Consent Judgment, and all regulations promulgated by the United States Department of Labor, including but not limited to any regulations regarding the reimbursement of expenses from, or charging of expenses to, the Plans.

9. The Company shall not provide services to any Plan without entering into a written agreement, contract, or letter of understanding (regardless of form, hereafter referred to as "Contract") with that Plan.  The Contract must be executed by the Company and the responsible Plan fiduciaries on behalf of that Plan, and reviewed and approved by an independent fiduciary ("Independent Fiduciary"), as specified in Paragraph 14, infra.  The Contract shall, at a minimum, contain the following information:

   a. A specification of services covered by the Contract;
   b. The name of the entity (either the Company or the name of the subsidiary thereof) that will be performing those services;
   c. The expenses for which the Company will seek reimbursement when providing those services, expressed in a manner containing sufficient information to enable the responsible Plan fiduciaries to evaluate the reasonableness of the expense reimbursements;
   d. A provision requiring that the Plan be given sixty (60) calendar days notice of any material change in the nature of the services being provided;
   e. A provision listing any third party expenses that will be billed directly to the Plan and any third party expenses for which the Company will be reimbursed by the Plan; and
   f. Any further information required by 29 C.F.R. § 2550.408b-2.

10. Nothing in this Consent Judgment shall be construed as requiring that any Plan or Plan fiduciaries agree to enter into a Contract with the Company for the provision of services, or as relieving Plan fiduciaries from the obligation to determine that such a Contract is prudent and otherwise consistent with ERISA.

11. In the course of providing services to the Plan, the Company shall not receive funds from that Plan for providing services that are in excess of its direct expenses, as that category of expenses is defined in 29 C.F.R. § 2550.408c-2(b)(3). Nothing in this Consent Judgment shall relieve the Company of any liability resulting from its charging an amount to a Plan in excess of its direct expenses.

12. The Company may only be reimbursed from the Plans for expenses if: (a) the expense is a direct expense, as that category is defined in 29 C.F.R. § 2550.408c-2(b)(3); (b) the Company's records show that the expense was incurred solely for the benefit of the Plans; (c) the expense is necessary for the establishment or operation of the Plans; (d) the expense is charged pursuant to a contract or arrangement which is reasonable; (e) the expense is reasonable and does not exceed the amount that would have been incurred by using third parties at market rates; (f) the Independent Fiduciary, as specified in Paragraph 14, infra, has determined that it is prudent to use the Company as a service provider with respect to the particular services for which reimbursement is sought; (g) the expense does not exceed the actual costs incurred by the Company in rendering the service to each Plan; and (h) the expense is consistent with ERISA and relevant regulations. Moreover, the Company shall not calculate the reimbursement amount based upon a per-participant fee, percentage of Plan assets, or any other method that does not track its actual costs.

13. Subject to the Independent Fiduciary's approval, as specified in Paragraph 14, infra, the Company may receive reimbursements from a Plan for the salaries and fringe benefits of those employees whose responsibilities consist solely of

performing work on behalf of one or more Plans (the "100% Plan Employees"), subject to the use of an approved allocation method for dividing those reimbursements among the Plans ("Shared Expenses"). Shared Expenses shall be allocated among the Plans based on a methodology established by the Independent Fiduciary and approved by Plan fiduciaries for each applicable Plan.

14. Should the Company wish to seek reimbursement from the Plans for purported direct expenses, the Company shall retain an independent fiduciary ("Independent Fiduciary"), who is qualified by education, experience, and training with a particular expertise in the fiduciary duties imposed by ERISA and employee benefit plan administration and management. Prior to retaining an Independent Fiduciary, the Company shall first provide the Regional Director with the name and credentials of the proposed Independent Fiduciary. The Regional Director shall have thirty (30) calendar days from the date of receipt of the name and credentials of the proposed Independent Fiduciary to provide a written objection to the Company. The lack of an objection by the Regional Director shall not relieve the Independent Fiduciary or the Company of their fiduciary obligations under ERISA. The scope of the Independent Fiduciary's duties shall include:

a. Determining, as often as prudent and required by ERISA during his period of service to the Plans, whether the use of the Company to provide administrative services to the Plan is prudent and reasonable in light of the quality and cost of the services;

b. Approving administrative service agreements between the Company and each Plan;

c. Approving invoices and any contemplated payments between the Company and each Plan;

    d. Determining categories of direct expenses for which the Company may charge a Plan and the methods of calculating such direct expenses necessary to comply with the terms of this Consent Judgment ("Expense Methods");

    e. Using prudent methods to monitor the Company's compliance with the Expense Methods;

    f. If, in the course of performing his duties under this Consent Judgment, the Independent Fiduciary determines that the Company is not in compliance with the Consent Judgment, taking whatever action is necessary under ERISA to obtain the Company's compliance.

15. The scope of the Independent Fiduciary's duties, and this Consent Judgment, shall be construed to:

    a. apply to, and include, any assets of the Plans paid by the Plans to the Company that are determined under this Consent Judgment to be chargeable to a Plan, but

    b. not apply to, and exclude (i) any services provided by the Company to a Plan that are not paid or reimbursed by a Plan to the Company, including but not limited to any expenses incurred by the Company that are not charged to a Plan, or (ii) any expenses that are paid to the Company by a Plan in accordance with an approved individual exemption.

16. The Independent Fiduciary, as specified in Paragraph 14, supra, shall be entitled to reasonable compensation, fees and expenses, which amounts may not be paid from the assets of the Plans.

17. Should an Independent Fiduciary be retained, as specified in Paragraph 14, supra, the Company and Independent Fiduciary shall provide the Regional Director with status updates setting forth the Independent Fiduciary's activities and findings with respect to the Plans and shall include, as applicable: (a) a list and description of all Expense Methods approved by the Independent Fiduciary; (b) a list of all payments made by each Plan to the Company or charged

directly to each Plan pursuant to this Consent Judgment, including the date on which each payment was made; (c) documents, including but not limited to invoices, supporting the aforementioned payments ("Status Updates").  In the event the Company and the Independent Fiduciary are unable to agree upon an Expense Method or the application of an Expense Method, the Company and Independent Fiduciary shall promptly notify the Regional Director.

18. The Company and Independent Fiduciary shall provide the Regional Director with a Status Update within six (6) months of the Independent Fiduciary's retention.  A further Status Update shall be provided to the Regional Director within one (1) year of the Independent Fiduciary's retention.  Thereafter, the Company and Independent Fiduciary shall make Status Updates available to the Regional Director upon written request.

19. Upon review of the Status Update, as specified in Paragraphs 17 and 18, <u>supra</u>, EBSA shall make best efforts to notify the Company and/or Independent Fiduciary of potential noncompliance concerns before the due date of the further Status Update.  The Company shall respond as soon as administratively practicable and, as appropriate, have an opportunity to correct any items identified by EBSA within a reasonable period of time.  EBSA's failure to notify the Company and/or the Independent Fiduciary of any potential noncompliance concerns shall not constitute, in any manner, a waiver of EBSA's right to investigate or bring an enforcement action as a result of any party's noncompliance with this Consent Judgment or ERISA.

20. Defendants Company, Individual Plan Board Members, Individual Administrative Committee Members, and McGovern each expressly waive any and all claims of any nature which they may have against the Secretary, the United States Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of, or in connection with, the allegations contained in the Complaint on file in this action, any other proceedings or investi-

gation incident thereto, or based on the Equal Access to Justice Act, as amended.

21. The Secretary and all Defendants shall each bear their own costs, expenses, and attorney's fees incurred to date in connection with any stage of this proceeding, including but not limited to attorney's fees which may be available under the Equal Access to Justice Act, as amended.

22. Nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

23. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

24. By signing their names to this Consent Judgment and Order, the Parties each represent that they are informed and understand the effect and purpose of this Consent Judgment and Order.

25. Any person signing this Consent Judgment and Order on behalf of a party expressly acknowledges and represents that he or she has the authority to sign for, and legally bind, that party.

26. This Consent Judgment and Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

1         The Court directs the entry of this Consent Judgment and Order as a final order.

2         IT IS SO ORDERED.

4   Dated:  October 18, 2013            _____

5                                     United States District Judge

Entry of this Consent Judgment and Order is hereby consented to:

Dated:  September 30, 2013          M. PATRICIA SMITH
                                    Solicitor of Labor

                                    JANET M. HEROLD
                                    Regional Solicitor

                                    DANIELLE L. JABERG
                                    Counsel for ERISA

                                    ___/s/ _____
                                    GRACE A. KIM
                                    Trial Attorney
                                    Attorneys for Secretary of Labor

Dated:  September 23, 2013          ___/s/ _____
                                    For Sunkist Growers, Inc.

                                    By: Charles L. Woltmann, Sr. VP., Law +
                                    Gen'l Counsel
                                    (Print name)

Dated:  Sept. 23, 2013              ___/s/ _____
                                    For Sunkist Retirement Plan A

                                    By: Kellee Nelson, Plan Administrator
                                    (Print name)

Dated:  Sept. 23, 2013              ___/s/ _____
                                    For Sunkist Retirement Plan N

                                    By: Kellee Nelson, Plan Administrator
                                    (Print name)

Dated: Sept. 23, 2013     ___/s/ _____

For Retirement Plan for Hourly Employees of Products Group, Sunkist Growers, Inc.

By: <u>Kellee Nelson, Plan Administrator</u>
(Print name)

Individual Plan Board Members:

Dated: 09/22/13     ___/s/ _____

Don Dames

Dated: 9-24-13     ___/s/ _____

Bill Chaney

Dated: 9-30-13     ___/s/ _____

Richard French

Dated: 9-23-13     ___/s/ _____

Russ Hanlin

Dated: Sept. 21st/ 2013     ___/s/ _____

Nazir Khan

Dated: 9/24/13     ___/s/ _____

Dick Neece

Dated: September 23, 2013     ___/s/ _____

Charles Woltmann

Dated: September 23, 2013     ___/s/ _____

Michael Wootton

Individual Administrative Committee Members:

Dated: 9/21/13                          ___/s/ _____
                                           Cliff Brady

Dated: 9/23/13                          ___/s/ _____
                                           Barbara Ratchford

Dated: September 23, 2013        ___/s/ _____
                                           Charles Woltmann

Dated: 24 Sept. 2013                ___/s/ _____
                                           Diane Johnson

Dated: 9/26/13                          ___/s/ _____
                                           Christine Hagemann

Dated: 9/30/13                          ___/s/ _____
                                           John McGovern

This Consent Judgment is approved as to form by:

Dated: 9/30/13                          ___/s/ _____
                                           Nicholas J. Waddles
                                           Seyfarth Shaw, LLP
                                           Attorney for Defendants